IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CR-335-WKW |
| | ) | [WO] |
| CARLOS WARE | ) | |

**ORDER**

Before the court is Defendant Carlos Ware's *pro se* motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines Manual. (Doc. # 1020.) The motion is due to be denied.

Under § 3582(c)(2), district courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). Mr. Ware's sentence is not based on a sentencing range that the Sentencing Commission later lowered for the simple reason that Amendment 782 was in effect and incorporated into the edition of the United States Guidelines Manual used to compute his sentence.

Effective November 1, 2014, Amendment 782, in conjunction with Amendment 788, retroactively reduced the base offense levels in § 2D1.1(c) of the United States Sentencing Guidelines for most drug offenses. *See* U.S. Sentencing

Guidelines Manual app. C, amend. 782, at 64–74, amend. 788, at 86–88 (U.S. Sentencing Comm'n 2014). "Amendment 782 became effective immediately for defendants sentenced on or after November 1, 2014." *United States v. Maiello*, 805 F.3d 992, 995 (11th Cir. 2015). Mr. Ware was sentenced on multiple convictions for cocaine hydrochloride and cocaine base offenses on October 3, 2016. (Doc. # 556 (criminal judgment).) And the sentence calculations were based on the 2015 edition of the Guidelines Manual. (Doc. # 539, at 23 ¶ 105 (Presentence Investigation Report).) This edition incorporated Amendment 782's changes to the Drug Quantity Table. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782, at 64–74, amend. 788, at 86–88 (U.S. Sentencing Comm'n 2014). Consequently, Mr. Ware already has received the benefit of the reduction under Amendment 782.

In sum, because Mr. Ware was sentenced after November 1, 2014, Amendment 782 was immediately effective and applied to his sentence. For the foregoing reasons, Mr. Ware is ineligible for § 3582(c)(2) relief. Accordingly, it is ORDERED that Mr. Ware's *pro se* motion for reduction of sentence under § 3582(c)(2) and Amendment 782 (1020) is DENIED.

DONE this 1st day of April, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE