IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CR-335-WKW |
| | ) | [WO] |
| CARLOS RENALDO WARE | ) | |

**<u>ORDER</u>**

Before the court is Defendant Carlos Renaldo Ware's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c) and the First Step Act. (Doc. # 1023.) The Government filed a response in opposition. (Doc. # 1027.) For the reasons that follow, the motion is due to be denied.

In October 2016, Mr. Ware was sentenced to 294 months of imprisonment following his guilty pleas to one count of conspiring to distribute cocaine base and cocaine hydrochloride, 21 U.S.C. §§ 841(a)(1), 846; five counts of using a communication facility unlawfully, *id.* § 843(b); 18 U.S.C. § 2; one count of attempting to possess with intent to distribute cocaine hydrochloride, 21 U.S.C. § 841(a)(1); and two counts of possessing with intent to distribute cocaine hydrochloride, *id.* (*See* Doc. # 269 (Superseding Indictment); Doc. # 556 (Judgment); Doc. # 539 (Presentence Investigation Report).)

"[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S.

Ct. 583 (2021). Exceptions to this general prohibition lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015); *see also* 18 U.S.C. § 3582(c) (delineating the limited circumstances that permit a court to modify a previously imposed sentence). Mr. Ware has not demonstrated that an exception lies for sentence reduction.

Section 404 of the First Step Act retroactively applies the Fair Sentencing Act of 2010's reduced statutory penalties for covered cocaine-base offenses.[1] *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018); Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Mr. Ware was sentenced in November 2016, which was *after* the effective date of the Fair Sentencing Act. Because Mr. Ware was sentenced after the effective date of the Fair Sentencing Act, § 404 of the First Step Act does not provide him any relief. In other words, Mr. Ware already received any benefits of the Fair Sentencing Act of 2010's reduced statutory penalties for crack cocaine offenses, and his presentence investigation report confirms that he was sentenced under the Fair Sentencing Act's reduced statutory penalties. *See, e.g., United States v. Hatcher*, 825 F. App'x. 674, 676 (11th Cir. 2020) (affirming the district court's denial of a First Step Act motion because

---

[1] The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum . . . ." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). These statutory amendments lowered the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1. *Id.*

2

the defendant, who had been sentenced in 2012, had already received the benefit of the Fair Sentencing Act); *United States v. Trevino*, No. 4:16-CR-264-RDP, 2020 WL 5530084, at *1 (N.D. Ala. Sept. 15, 2020) ("The only retroactive portion of the First Step Act is Section 404 . . . .  Section 404, however, applies to defendants who were sentenced for an offense involving crack cocaine that was committed before August 3, 2010." (citation omitted)).  Accordingly, Mr. Ware is not eligible for a sentence reduction under § 404 of the First Step Act.

Mr. Ware argues that his sentence reflects a mandatory minimum sentence of 240 months based on the quantity of cocaine base for which he was held accountable and that the First Step Act reduced that mandatory minimum sentence.  This argument is incorrect.  Mr. Ware's mandatory minimum sentence of not less than 240 months is an enhanced penalty resulting from his prior felony conviction.  *See* 21 U.S.C. § 851; (Doc. # 375.)  Notably, Mr. Ware's sentencing guideline range—262 to 327 months—exceeded this statutory mandatory minimum.  (Doc. # 617, at 96.)  Mr. Ware's argument does not support a statutory basis for a sentence reduction.

For the foregoing reasons, Mr. Ware's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c) and the First Step Act (Doc. # 1023) is DENIED.

DONE this 10th day of August, 2022.

    /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE